JOHN H. HOFFMAN *vs.* LIBERTY MOTORS, INCORPORATED.

Suffolk.    November 10, 1919. — January 9, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & JENNEY, JJ.

*Agency,* Existence of relation, Scope of employment. *Negligence,* Motor vehicle.

At the trial of an action against a corporation for personal injuries caused by the negligent operation of a motor vehicle of the defendant by one alleged by the plaintiff to have been in the defendant's employ and acting within the scope of his employment, there was evidence tending to show that the driver was a "demonstrator" of cars which the defendant had for sale, that he received no wages nor salary but only a commission on the sale of cars which he demonstrated, that by orders of the defendant's manager he was demonstrating a car to a probable purchaser when the plaintiff was injured, and that as a result of the demonstration the sale of the car was made. There also was evidence tending to show that, while so demonstrating the car, the driver and the prospective purchaser and a companion of the purchaser indulged in intoxicating liquors. *Held,* that the questions, whether, when his negligence caused the plaintiff's injuries, the driver was in the employ of the defendant and was acting within the scope of his employment, were for the jury.

TORT for personal injuries sustained by the plaintiff on December 2, 1916, by reason of a collision, on a public way in Boston, of his automobile, operated by himself, with an automobile of the defendant, operated by the defendant's salesman. Writ dated December 15, 1916.

In the Superior Court the action was tried before *Quinn,* J. The material evidence is described in the opinion. At the close of the evidence the defendant moved that a verdict be ordered in its favor. The motion was denied. There was a verdict for

the plaintiff in the sum of $800; and the defendant alleged exceptions.

The case was submitted on briefs.

*W. Flaherty & R. Clapp,* for the defendant.

*J. J. O'Hare,* for the plaintiff.

BRALEY, J. The exceptions recite that at the time of the collision between the plaintiff's automobile driven by himself, and an automobile owned by the defendant, but operated by one Bowers, the plaintiff "was guilty of no contributory negligence, and that Bowers, the operator of the defendant's automobile, was negligent." A verdict having been returned for the plaintiff the only question presented is whether there was any evidence which warranted the jury in finding that Bowers acted as the defendant's servant or agent.

The credibility of the witnesses was for the jury, and on the evidence of Bowers they properly could find, that in "a general way" he was employed by the defendant as a salesman and demonstrator of cars in the active sale of which the defendant was engaged. It was a part of his duty to take out cars on the streets "to demonstrate them," only when directed by the general manager. If a sale resulted he was paid a commission, but received no compensation denominated as wages or salary. It further appeared that having been informed by one Finnegan "that he was in the market for a small roadster" or "Scripps Booth" automobile, Bowers told the manager of the opportunity of getting a customer and making a sale, who thereupon in the afternoon of the day of the collision named the price, and ordered him to take the car out, and "to do my best, and do not keep it out after one o'clock." While no directions were given as to the streets or territory over or through which the car was to be run, the route selected and the distance travelled, the jury could say, were not only left to Bowers' discretion, but also were within reasonable limits for the purpose of satisfying Finnegan of the qualities of the car, which he finally agreed to buy.

But Bowers having testified that, "We went out for a ride toward Roslindale," and that he and Finnegan and one Gilbert, a companion of Finnegan, indulged to some extent in the use of intoxicating liquors while the demonstration was in progress, the defendant urges that the ride to Roslindale and back was only a

diversion for the personal gratification of the party. The jury however could find that the accident happened while the car was running over the most direct way on its return to the defendant's garage where it would have arrived before one o'clock if the collision had not occurred. The question whether the demonstration had ended before the return trip began was one of fact under appropriate instructions which it must be presumed were given as no exceptions thereto were taken. It is plain that, if the jury believed the evidence introduced by the plaintiff, the defendant retained full authority to direct and control the sale as well as the exposition of the car, and that Bowers did not act independently, but only in obedience to the orders of the general manager.

We are unable in its essential features to distinguish the present case from *McAllister's Case,* 229 Mass. 193, 195, where it was said that, "The terms and mode of payment . . . are not the decisive test. *Morgan* v. *Smith,* 159 Mass. 570, 574. It is whether the employer retained authority to direct and control the work. . . . *Forsyth* v. *Hooper,* 11 Allen, 419, 421, 422." See *Tornroos* v. *R. H. White Co.* 220 Mass. 336. It was the defendant's car, operated upon the highway under its express orders, by a person whose duty while about its business required him to obey his employer's instructions.

The exceptions to the admission of evidence, not having been argued, are to be treated as waived, and, finding no error in the refusal to direct a verdict for the defendant, the exceptions must be overruled.

*So ordered.*