MARY CARDOZA *vs.* CHARLES L. ISHERWOOD & others.

ELSIE CARDOZA *vs.* SAME.

JOSEPH F. CARDOZA *vs.* SAME.

Bristol.     October 25, 1926. — January 5, 1927.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Agency*, Scope of employment.

At the trial of an action for personal injuries received when the plaintiff was run into by an automobile of the defendant, a dealer in new and second hand automobiles, driven by his employee, there was evidence that the driver was employed as a mechanic by the defendant in his garage and had, with other employees, the privilege of selling cars for the defendant after working hours on a commission basis; that his work had ended at 5 P.M.; that the accident happened at 9:30 P.M. when the employee was driving in a Flint car one of a family, to a member of which he had been two or three times to sell a car; and that later in the year the defendant sold a Nash car to a member of that family. *Held,* that a finding was warranted that at the time of the accident the driver was acting within the scope of his employment by the defendant.

THREE ACTIONS OF TORT described in the opinion. Writs dated November 16, 1925.

In the Superior Court, the actions were tried together before *Donahue*, J. Material evidence is described in the opinion. At the close of the evidence, the defendants moved that verdicts be entered in their favor. The motions were denied. There were verdicts for the plaintiffs in the sums of $3,200, $205, and $595, respectively, and the judge, before the verdicts were recorded, reserved leave in accordance with G. L. c. 231, § 120, to enter verdicts for the defendants.

*F. E. Smith,* for the defendants.

*J. W. Cummings, 2d,* for the plaintiffs.

SANDERSON, J. These three actions of tort were tried together. The first two were brought by pedestrians to recover damages for personal injuries received by them when struck by an automobile, owned by the defendants and operated by one Dorsey (a general employee), on a public highway at about 9:30 in the evening of April 11, 1925. The third action is brought by the husband of one of the plaintiffs to recover consequential damages. At the close of the evidence the defendant filed a motion in each case for a directed verdict, which was denied; verdicts were returned for the plaintiffs with leave reserved, under the statute, to enter verdicts for the defendants. The sole question to be decided is, whether the jury were justified in finding that Dorsey was at the time of the accident an agent of the defendants, engaged in an enterprise within the scope of his employment.

The defendants dealt in new and second hand automobiles. Dorsey was employed by them in their garage as a mechanic and had, with other employees, the privilege of selling cars for the defendants, after working hours, on a commission basis. The working day for Dorsey at the garage ended at 5 P.M. At the time of the accident a Miss Ross and one Ledoux were riding with Dorsey. The jury could have found from the testimony that Dorsey had authority to take cars to demonstrate to prospective customers; and they could have inferred that this might be done without getting the defendants' consent in each case, notwithstanding the testimony to the contrary.

In answer to an interrogatory, one of the defendants stated that he did not know whether the automobile was being demonstrated at the time of the accident; and to the interrogatory "Was the driver acting in the scope of his employment when the automobile came in contact with the woman?" he answered "I cannot say definitely what he was doing at the time as he had previously left the garage for another purpose."

The testimony that the driver had authority to sell cars

for the defendants out of working hours, that he had been to the Ross home two or three times to sell a car to some member of her family, having been introduced by Ledoux, and that, on one of those occasions, he had demonstrated one of the defendants' cars to Miss Ross and that later in the year the defendants sold a Nash car to some member of the Ross family, when considered in connection with the evidence relating to talk on the trip about automobiles, made it possible for the jury to infer that, when Dorsey took Miss Ross and Ledoux for a ride on the night in question, he was trying to promote the sale of an automobile of the defendants, either by demonstrating the Flint car, in which they were riding, or by using that car in furtherance of his efforts to sell a Nash car; and that in either case he was acting within the scope of his employment to aid the defendants in making the sale of an automobile. *Ouimette* v. *Harris*, 219 Mass. 466. *Hoffman* v. *Liberty Motors, Inc.* 234 Mass. 437. *McDonough* v. *Vozzela*, 247 Mass. 552. *Champion* v. *Shaw*, *ante*, 9. A jury may draw inferences from evasive answers by a party. *D'Addio* v. *Hinckley Rendering Co.* 213 Mass. 465, 469. The fact that Dorsey sold on commission and that he had a right to sell only after hours are not decisive considerations in determining the defendants' liability. *Hoffman* v. *Liberty Motors, Inc., supra.*

*Exceptions overruled.*