MARY FOLEY *vs.* CHARLES A. McDONALD & another.

HELEN MADDEN *vs.* SAME.

Middlesex. May 10, 1933. — May 23, 1933.

Present: RUGG, C.J., PIERCE, WAIT, FIELD, & LUMMUS, JJ.

*Negligence,* Invited person.

Evidence, at the trial of an action for personal injuries against a dealer in automobiles, that the plaintiff, who was planning to buy an automobile, went to the defendant's salesroom where he discussed the defendant's automobiles with one of his salesmen; that the salesman then invited the plaintiff to ride to the plaintiff's home in an automobile which the salesman was demonstrating to him for the purpose of making a sale; that the plaintiff was injured when the automobile struck a tree while on the way to his home; and that the salesman was acting within the scope of his employment by the defendant, warranted a finding that the plaintiff was riding in the automobile, not as a gratuitous guest of the defendant, but for a purpose incidental to the defendant's business, although there was no evidence that a sale was made or that the defendant actually derived any pecuniary benefit from the transaction; and, it having been found that the automobile struck the tree as a result of negligence, although not of gross negligence, of the salesman, a finding for the plaintiff was warranted.

TWO ACTIONS OF TORT. Writs in the District Court of Marlborough dated December 11, 1930.

The actions were heard together in the District Court by *Temple,* J. Material evidence is stated in the opinion. The judge found for the plaintiff in the first action in the sum of $1,000; and for the plaintiff in the second action in the sum of $5,000. Reports of the actions to the Appellate Division for the Northern District were ordered dismissed. The defendants appealed in each action.

The cases were submitted on briefs.

*R. J. Dunn, G. W. Roberts, & J. F. Lawton,* for the defendants.

*J. P. Driscoll,* for the plaintiffs.

FIELD, J. The plaintiffs, riding in an automobile owned

by the defendants and operated by their agent, were injured when the automobile struck a tree. Each plaintiff brought an action of tort in the District Court to recover compensation for her injuries. In each case certain requests by the defendants for rulings were refused, there was a finding for the plaintiff, a report to the Appellate Division, which dismissed the report, and an appeal by the defendants to this court.

The trial judge found that the plaintiffs were in the exercise of due care, that the automobile was being operated by and under the control of a person for whose conduct the defendants were legally responsible, and that the operator was negligent, but that he was not guilty of gross negligence. The defendants' sole contention is, in substance, that findings for the plaintiffs were not justified since, in the aspect of the evidence most favorable to them, they were merely guests in the automobile, being transported gratuitously, and consequently could recover only upon proof of gross negligence. See *Jacobson* v. *Stone*, 277 Mass. 323, 324.

The defendants' requests for rulings in accordance with their contention were refused rightly.

There was evidence that the defendants were engaged in the business of selling automobiles, that the plaintiffs planned to buy an automobile together, that they went to the defendants' salesroom where they discussed automobiles, such as the defendants sold, with a man employed by the defendants as demonstrator and salesman, and that when the accident occurred this employee of the defendants was transporting the plaintiffs, at his invitation, to their homes in an automobile which he was demonstrating to them for the purpose of making a sale of that or a similar automobile. It could have been found that this employee was acting within the scope of his employment by the defendants. *Hoffman* v. *Liberty Motors, Inc.* 234 Mass. 437. *Cardoza* v. *Isherwood*, 258 Mass. 165. There was no evidence that either of the plaintiffs thereafter bought an automobile of the defendants or had any further business relations with them.

The evidence, therefore, warranted findings that the plaintiffs, when injured, were riding in the defendants' automobile at the invitation of the defendants, not merely as guests but for a purpose incidental to the defendants' business, and, consequently, could recover compensation for injuries caused by the defendants' ordinary negligence. Such a business purpose could be found in the transportation of the plaintiffs by the defendants in the course of an attempt by the defendants to sell an automobile to the plaintiffs though no sale was made and no pecuniary benefit actually resulted to the defendants. But, even if no pecuniary benefit came to the defendants from transporting the plaintiffs, it could have been found that the object of the transportation was pecuniary benefit to the defendants and this fact if found would take the transportation out of the category of gratuitous transactions. Compare *Serota* v. *Salmansohn*, 256 Mass. 224. The cases fall within the class of cases represented by *Loftus* v. *Pelletier*, 223 Mass. 63, *Lyttle* v. *Monto*, 248 Mass. 340, and *Labatte* v. *Lavallee*, 258 Mass. 527, rather than the class of cases represented by *Flynn* v. *Lewis*, 231 Mass. 550, *Baker* v. *Hurwitch*, 265 Mass. 360, and *Jacobson* v. *Stone*, 277 Mass. 323. In each case the entry must be

*Order dismissing report affirmed.*