BUSHOUSE v. BROM.

1. AUTOMOBILES—GUEST PASSENGERS—CONTRACT FOR HIRE.
   Generally, if there is a contract to transport one by automobile and if the owner or driver of the automobile receives a pecuniary benefit as the consideration for such transportation, then the one so transported is not a "guest" passenger as that term is used in the guest act (1 Comp. Laws 1929, § 4648).

2. SAME—GUEST PASSENGERS—CONSTRUCTION OF STATUTES.
   In action arising out of an automobile accident which occurred in Virginia which has enacted a guest passenger act like the Michigan act, so far as application to particular case is concerned, and it does not appear that the Virginia courts have

construed their statute differently than have the Michigan courts, interpretation and enforcement thereof will be as already done in Michigan (Virginia Code of 1930, Michie, 1938 Supp. § 2154 [232]; 1 Comp. Laws 1929, § 4648).

3. SAME—PASSENGER FOR HIRE—PAYMENT OF PART OF EXPENSES.
   Indefinite contemplated arrangement whereby plaintiff, a friend of defendant for many years, who had been invited by defendant to accompany latter and her mother on an automobile trip to Florida, accepted such invitation and stated she would pay half of the expenses and defendant testified that she had intended plaintiff would pay about a third *held*, not to have established plaintiff's legal status as a passenger for hire, so as to permit recovery for injuries sustained by plaintiff because of defendant's ordinary negligence in State of Virginia.

4. SAME—SHARING OF EXPENSES ON PLEASURE TRIPS.
   The sharing of the cost of gasoline and oil consumed on a trip, when that trip is taken for pleasure or social purposes, is nothing more than the exchange of social amenities and does not transform into a passenger one who, without such exchange, would be a guest, and consequently is not payment for the transportation.

5. SAME—PASSENGER FOR HIRE—QUESTION OF FACT.
   In actions to recover for damages to passengers in automobiles, the question of whether the passenger is one for hire must be decided in each case in the light of its own facts and it should be ascertained, if possible, what it was that primarily motivated the undertaking.

SHARPE, C. J., and CHANDLER and MCALLISTER, JJ., dissenting.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted January 10, 1941. (Docket No. 77, Calendar No. 41,454.) Decided May 21, 1941. Rehearing denied June 30, 1941.

Case by Zena Bushouse against Lillie Brom for injuries resulting from an automobile accident. Judgment for plaintiff. Defendant appeals. Reversed.

*Mason, Sharpe & Stratton,* for plaintiff.

*Alexander, McCaslin & Cholette,* for defendant.

Chandler, J. (*dissenting*).   In the spring of 1938, defendant and her mother contemplated an automobile trip to Florida and invited plaintiff, a friend of many years, to accompany them.   Plaintiff accepted and stated that if she went she would pay half of the expenses.   However, nothing definite was decided as to the percentage she would contribute. Defendant testified that she intended that plaintiff would pay "about a third."

In the State of Virginia and on their return from the trip, an accident occurred in which plaintiff was injured, resulting in this suit for damages.   As to the facts surrounding the happening of the event, it appears that defendant became drowsy after driving for many hours and that it had been suggested to her that she stop and refresh herself, but she refused to do so.   The car left the pavement, which, at the point in question, was four inches above the level of the shoulder of the road.   In attempting to return to the traveled portion of the road, defendant lost control of the car, which went to the left side of the center line, struck an approaching vehicle and later overturned.   The trial court found that defendant was negligent, which finding is fully supported by the record.

The trial court further found that plaintiff was not a gratuitous guest and that, therefore, she was entitled to recover upon a showing of ordinary negligence.   Upon appeal, it is claimed by defendant that plaintiff was not a "passenger" in the sense that she was a passenger for hire but that she was a gratuitous guest, not entitled to recover for injuries received as a result of ordinary negligence.

It has long been the common-law rule of the State of Virginia that a gratuitous guest could not recover damages from the driver of the vehicle in which he was riding for the latter's ordinary negligence, the

doctrine recently having been incorporated in the statutes of that State. See Virginia Code of 1930, Michie, 1938 Supp. § 2154(232)*; *Wright* v. *Osborne,* 175 Va. 442 (9 S. E. [2d] 452). The Virginia statute is substantially the same as that in effect in this State. See 1 Comp. Laws 1929, § 4648 (Stat. Ann. § 9.1446).

During the trip, plaintiff, defendant, and her mother, each placed money in a purse which they referred to as the "company's purse." Therefrom, the expenses of the trip were paid as demanded. To the time of the accident, it appears that approximately $80 had been placed in the purse, of which amount plaintiff had contributed about $30. A few dollars remained therein when the accident occurred.

In finding that plaintiff was not a gratuitous guest but a passenger for hire, the trial court relied on and stated that the case was controlled by *Poole* v. *Kelley,* 162 Va. 279 (173 S. E. 537); and *Gale* v. *Wilber,* 163 Va. 211 (175 S. E. 739).

As far as facts are concerned, neither case is in point with the one before us. In the *Gale Case,* the court said that a higher degree of care was required if plaintiff therein was a "passenger," which indicated that a contractual relationship existed. However, upon the particular facts, the plaintiff was held to have been a gratuitous guest. In the *Poole Case,* without finding it necessary to decide the status of the plaintiff, the Virginia court said (p. 295):

"Whenever transportation is for the pecuniary benefit of the defendant, this fact, when established, takes the case out of the category of gratuitous transactions. *Foley* v. *McDonald,* 283 Mass. 96 (185 N. E. 926)."

---

* Chap. 285, 1938 Acts of Assembly.—Reporter.

The point at issue is controlled by the law of the State where the tort occurred. *Eskovitz* v. *Berger,* 276 Mich. 536; *Meyer* v. *Weimaster,* 278 Mich. 370; *Kaiser* v. *North,* 292 Mich. 49. However, no case has been found wherein the Virginia law has been developed on facts in point with the instant case. Many such cases have been decided by the courts of other jurisdictions, with varying results, the outcome of some apparently being based upon a construction of a particular "guest" statute, and the others controlled by a consideration of the relationship of the parties and the occasion which gave rise to the furnishing of the transportation. We do not purport in this opinion to give an extensive review of the authorities.

As a guide, we do have the expression of the Virginia court that a contractual relationship resulting in a pecuniary benefit to the defendant will remove the plaintiff from the category of a gratuitous guest and permit recovery for injuries sustained as a result of the defendant's ordinary negligence. *Poole* v. *Kelley, supra,* and *Gale* v. *Wilber, supra.*

In *McCann* v. *Hoffman,* 9 Cal. (2d) 279 (70 Pac. [2d] 909), there was no specific agreement that the plaintiff should share the expenses of the trip but a tacit understanding was present that a contribution would be made. The court stated that where the trip was for no other purpose than the exchange of social amenities the plaintiff was a gratuitous guest, despite the tacit agreement to contribute to the expense. Other California cases wherein the plaintiff was denied recovery are *Rogers* v. *Vreeland,* 16 Cal. App. (2d) 364 (60 Pac. [2d] 585); *Starkweather* v. *Hession,* 23 Cal. App. (2d) 336 (73 Pac. [2d] 247); *Stephen* v. *Spaulding,* 32 Cal. App. (2d) 326 (89 Pac. [2d] 683).

In *Smith* v. *Clute,* 277 N. Y. 407, 413, 414 (14 N. E. [2d] 455), the court said:

"The question whether sharing expenses of an automobile trip results in such benefit to the owner or operator as to take a passenger out of the purview of a guest statute has been before the courts in a number of cases. Where there is no fixed understanding or agreement for sharing expenses, but merely a likelihood or a general statement by the passenger that he will pay his share, it is not sufficient, * * * and this court has so held in affirming a dismissal of a complaint where the Connecticut guest statute was involved (*Master* v. *Horowitz,* 237 App. Div. 237 [261 N. Y. Supp. 722], affirmed 262 N. Y. 609 [188 N. E. 86]). On the other hand, where there is a definite agreement, as in the case at bar, a number of States have permitted recovery for ordinary negligence, holding the passenger who contributed toward the expenses was not a guest within the purview of the statute. * * * As Mr. Justice Stern of the Pennsylvania supreme court pointed out,

" 'Had plaintiffs not made their agreement to share the expenses, defendant himself would have been obliged to pay for all the gasoline and oil consumed, and since the presence of plaintiffs in the automobile did not add in any way to the cost of operation of the car, the money furnished by plaintiffs was a clear contribution, a net saving, to defendant, reducing the amount which he would have been required to expend had he been transporting plaintiffs gratuitously.' " *

A similar position has been assumed by the Massachusetts court in *Haines* v. *Chereskie,* 301 Mass. 112 (16 N. E. [2d] 680), which is distinguishable from *Askowith* v. *Massell,* 260 Mass. 202 (156 N. E. 875), on the ground that a definite agreement in advance existed in regard to the sharing of expenses.

* From *Kerstetter* v. *Elfman,* 327 Pa. 17, 20 (192 Atl. 663).— REPORTER.

We do not apprehend that a further discussion of authorities would be of assistance in resolving this question. The Virginia court has definitely indicated that a passenger for hire indicates the existence of a contractual relationship and the conferring of a pecuniary benefit upon the defendant. We believe the elements necessary to place plaintiff in that status were present in this case.

Defendant furnished the car, and all expenses, including gas, oil, rooms and meals, were paid from the "company purse." Although the exact percentage plaintiff was to contribute was not specifically agreed upon in advance, it is clear that it was understood that she was to pay either one-half or one-third of the expenses. As a matter of fact, she had contributed in excess of one-third to the fund at the time of the accident. We believe that the necessary contractual relationship existed, and it is apparent that defendant received a pecuniary benefit. Plaintiff was not a gratuitous guest and defendant's negligence was sufficient to create liability.

Defendant relies on *Morgan* v. *Tourangeau,* 259 Mich. 598, but in that case there was no agreement in advance relative to the sharing of expenses.

We do not intend in holding as we have on this point to adopt a rule that would make every person a passenger for hire who had agreed to buy some gasoline or oil, no matter how small the amount might be, and thus open the door for wholesale evasion of the so-called "guest acts." Consideration must be given in each case to determine if the defendant sought to be charged did receive an actual pecuniary benefit based upon an agreement entered into in good faith.

It is also urged that the parties were engaged in a joint adventure and that this bars recovery. To have a joint adventure, there must exist an express

or implied agreement for joint control and operation of the vehicle. *Miles* v. *Rose,* 162 Va. 572 (175 S. E. 230). The trial court found that this element was missing and his finding has ample support in the record.

No other questions of importance are raised which it is necessary that we discuss.

The judgment should be affirmed, with costs to appellee.

SHARPE, C. J., and MCALLISTER, J., concurred with CHANDLER, J.

NORTH, J. I am not in accord in holding that the judgment entered in the circuit court should be affirmed. This is an automobile case, tried before the court without a jury. Defendant was found liable and judgment entered accordingly. This appeal by defendant followed. The trial judge based decision upon his holding that, under the law of Virginia, where the accident happened, plaintiff was a passenger for hire, and not a guest passenger. This controlling holding was erroneous.

The parties agree that the so-called guest passenger statute of Virginia, so far as its application to the instant case is concerned, is in effect the same as the Michigan statute. 1 Comp. Laws 1929, § 4648 (Stat. Ann. § 9.1446). But the trial court was of the opinion that, under the Virginia statute as construed by the supreme court of Virginia, plaintiff was not a guest passenger; and he held that notwithstanding defendant was guilty of only ordinary negligence, not of gross negligence or wilful and wanton misconduct, plaintiff, being a passenger for hire, was entitled to recover.

The circumstances surrounding the arrangement which resulted in these parties making the automo-

bile trip together sufficiently appear from Mr. Justice Chandler's opinion and in the following quoted from plaintiff's brief:

"The defendant suggested to plaintiff that they [defendant and her mother] were going and if she [plaintiff] wanted to go along she could. The plaintiff in accepting the invitation agreed to pay one-half of all the expenses. This offer of the plaintiff was not refused by the defendant. The defendant claimed that she only intended that plaintiff should pay a third; but nevertheless the trip was undertaken without defendant refusing plaintiff's offer to pay one-half of the expenses. The defendant admits that the plaintiff paid more than a third. The record is not any too clear on the question of the exact amount paid by defendant [plaintiff]."

The Virginia decisions relied upon by plaintiff, "the clear reasoning" of which the circuit judge held controlling in the instant case, are *Gale* v. *Wilber,* 163 Va. 211 (175 S. E. 739); *Poole* v. *Kelley,* 162 Va. 279 (173 S. E. 537). As stated by Mr. Justice Chandler, "As far as facts are concerned, neither case is in point with the one before us." The brief excerpts from these cases upon which plaintiff herein relies are to some extent mere dicta or, at most, general statements of law which, if applied to an appropriate state of facts, would be entirely accurate.

From the *Gale Case* plaintiff stresses the following: "The term 'passenger,' in its legal sense, imports some contractual relation between the parties." There is little, if any, room for controversy concerning the quoted proposition; but it would be applicable only when a legally binding contractual relation was established. In general terms it may be said of the Michigan statute that if there is a contract to transport one by automobile

and if the owner or driver of the automobile receives a pecuniary benefit as the consideration for such transportation, then the one so transported is not a guest passenger. That, we think, is the extent of the pertinent portion of the holding in the *Gale Case.*

The excerpt from the *Poole Case* relied upon by plaintiff reads (p. 295): "Whenever transportation is for the pecuniary benefit of the defendant, this fact, when established, takes the case out of the category of gratuitous transactions. *Foley* v. *McDonald,* 283 Mass. 96 (185 N. E. 926)." An examination of the court's opinion in the *Poole Case* reveals that it was of no consequence whether the plaintiff's decedent was a passenger for hire or a guest of the defendant, because the court held defendant, if guilty at all, was guilty of gross negligence. We quote the comment of the supreme court relating to a portion of the trial court's charge to the jury of which defendant complained (p. 294): "There was no direction to find and there was no question as to grades of negligence [whether ordinary negligence or gross negligence]. If the defendant was guilty at all his offense was gross." Since defendant's liability was adjudicated on a finding of gross negligence, whether plaintiff's decedent was a guest or a passenger for hire was immaterial. That was not the issue in the *Poole Case.*

After a careful consideration of the opinions of the Virginia supreme court in the two cases noted, we conclude that there is nothing in either of these decisions which at all convincingly discloses that the guest passenger statute in that State has been construed differently than we have construed the Michigan statute. Under such circumstances, in applying to the instant case the provisions of the Virginia

statute which, in effect, are the same as those in the Michigan statute, we should interpret and enforce the law as has already been done in this State. *Edison* v. *Keene*, 262 Mich. 611; *Perkins* v. *Great Central Transport Corp.*, 262 Mich. 616, 623. This is so because our attention has not been called to any decision by the supreme court of Virginia, nor do we know of any, which construes and applies the so-called guest statute in a manner different than has been done by our own decisions. And further, we are of the opinion that the supreme court of Virginia has construed its statute in like manner as we have construed the Michigan statute. See *Brown* v. *Branch*, 175 Va. 382 (9 S. E. [2d] 285).

We are not in accord with the circuit judge's findings that, under the facts in this case: "Plaintiff entered upon the trip under the express legal obligation to pay a fixed portion of all expenses of all three." On the contrary, we are of the opinion that the record clearly discloses there was never any definite understanding between these parties which resulted in an "express legal obligation to pay." It is true, after plaintiff had been invited to accompany defendant and her mother, plaintiff volunteered that she would pay one-half of the expenses, but as indicated by the record and the above quotation from plaintiff's brief, such a proposition or proposal was not accepted by defendant. Instead defendant was under the impression it would perhaps be fairer if plaintiff paid only one-third of the expenses. As a matter of fact at the time the trip was interrupted plaintiff had paid something in excess of one-third but had not paid one-half of the expenses. In other words there was no attempt, apparently, to conform literally either to the suggestion of plaintiff or the tacit assumption of defendant. There never was a definite meeting of

minds between these parties which resulted either in an implied or express legal obligation on the part of plaintiff to pay defendant. Had there been such an agreement and thereafter defendant had neglected or refused to take plaintiff on the trip, it would follow plaintiff would have had an action at law for breach of the contract; but under the facts of the instant case it would surely be farfetched to conclude that plaintiff would have had such a cause of action if defendant had failed to take plaintiff on the trip. The indefinite contemplated arrangement that plaintiff would contribute something towards the expense of this mutual pleasure trip, possibly one-third or one-half of such expenses, did not establish plaintiff's legal status as a passenger for hire.

"The great weight of authority is to the effect that the sharing of the cost of gasoline and oil consumed on a trip, when that trip is taken for pleasure or social purposes, is nothing more than the exchange of social amenities and does not transform into a passenger one who without such exchange would be a guest, and consequently is not payment for the transportation." *McCann* v. *Hoffman*, 9 Cal. (2d) 279, 285 (70 Pac. [2d] 909).

We do not hold herein that under a given state of facts an express agreement to pay a given proportion of the expenses of operating an automobile may not constitute the one transported a passenger for hire. But each case must be decided in the light of its own facts; and we think it is always important to ascertain, if possible, what it was that primarily motivated the undertaking. In the instant case it was clearly the friendship and social relation of these parties which resulted in plaintiff going on the trip with defendant. It was not a commercial arrangement or one in which the owner or driver

of the automobile was induced to transport a passenger for an agreed consideration.

In *McCann* v. *Hoffman, supra,* 286, the court said:

"Therefore, where a special tangible benefit to the defendant was the motivating influence for furnishing the transportation, compensation may be said to have been given. But it is not given where the main purpose of the trip is the joint pleasure of the participants. The payment of a portion of the expense, as for gasoline and .oil consumed on the trip, is merely incidental and does not constitute the moving influence for the transportation. The provocation for the offer of transportation remains the joint social one of reciprocal hospitality or pleasure."

In passing upon the same phase of the law in *Re Harper's Estate,* 294 Mich. 453, 456, we said:

"The offer [of plaintiff to defendant] to help drive was not intended as a reward for the ride. * * * The proffer of assistance in driving was only a friendly gesture, and the sociability element was the dominant, if not sole, thought. Mr. Harper was a 'host' and plaintiff was his 'guest' in the full and complete sense of the words."

See, also, *Fuller* v. *Tucker,* 4 Wash. (2d) 426 (103 Pac. [2d] 1086); *Rogers* v. *Vreeland,* 16 Cal. App. (2d) 364 (60 Pac. [2d] 585); *Starkweather* v. *Hession,* 23 Cal. App. (2d) 336 (73 Pac. [2d] 247); *Stephen* v. *Spaulding,* 32 Cal. App. (2d) 326 (89 Pac. [2d] 683); *Hale* v. *Hale,* 219 N. C. 191 (13 S. E. [2d] 221). In the last cited case the North Carolina supreme court had under consideration a suit which arose out of an automobile accident that occurred in Virginia; and it construed the Virginia statute applicable to that case (and which is similarly applicable to the instant case) as held herein.

In accord with our holding in *Re Harper's Estate, supra,* and the cases therein cited, and also the other

decisions hereinbefore noted, we hold that plaintiff was not a passenger for hire, but instead was a guest of defendant; and it follows that plaintiff cannot recover. In view of the above holding it is not necessary to pass upon other contentions presented in appellant's brief.

The judgment entered in the circuit court is reversed, with direction to enter judgment in accord herewith. Costs of both courts to appellant.

BUSHNELL, BOYLES, WIEST, and BUTZEL, JJ., concurred with NORTH, J.