EVERETT *v.* BURG.

AUTOMOBILES—WEEKLY ALTERNATION OF FURNISHING TRANSPORTATION BY FELLOW EMPLOYEES.
   Fellow employees who alternated weekly in using their cars for transportation to and from work did not thereby create relationship of passengers for hire so as to entitle special administratrix of estate of one of them who was killed in an accident to recover in action for alleged negligence in which no gross negligence was claimed, there being merely an exchange of amenities as between host and guest (1 Comp. Laws 1929, § 4648).

Appeal from Washtenaw; Sample (George W.), J. Submitted April 10, 1942. (Docket No. 73, Calendar No. 41,681.) Decided May 18, 1942. Rehearing denied July 1, 1942.

---

* The powers and duties of the industrial accident board have been transferred to the department of labor and industry and the board abolished. See 2 Comp. Laws 1929, § 8312 (Stat. Ann. § 17.3). —REPORTER.

Case by Doris K. Everett, special administratrix of the estate of Richard Ward, deceased, against George E. Burg for damages for injuries causing death of plaintiff's decedent while a passenger in defendant's automobile when involved in an automobile collision. Judgment for defendant. Plaintiff appeals. Affirmed.

*Edward F. Conlin* and *Jack J. Kraizman,* for plaintiff.

*Burke & Burke,* for defendant.

BUTZEL, J.   Six fellow employees arranged for daily transportation from Saline, Michigan, to their place of employment at Milan.   Five of them, including plaintiff's decedent, Richard Ward, owned cars.   They agreed that they would alternate each week in the use of their cars so that each of them would furnish transportation to the others in his turn.   One of the parties not having a car agreed to pay the driver, whoever he might be, the sum of 75 cents a week for transportation.   On September 17, 1940, Richard Ward, one of the parties, met his death, the car being driven by defendant George E. Burg, who agreed to furnish transportation for the group that week.   The special administratrix of the estate brought suit against Burg for alleged negligence.   At the opening of the trial, plaintiff's attorney stated the arrangements as to transportation. There was no gross negligence claimed.

The sole question is whether decedent was a passenger for hire or a guest passenger, or whether he and his driver were engaged in a joint venture.   It is conceded that if the relationship was not one of passenger for hire, plaintiff cannot recover.   Defendant moved for a directed verdict on the ground

that plaintiff's opening statement did not state a cause of action. The court entered a judgment for defendant.

While there is some claim that the relationship was one of joint venture instead of that of host and guest, it was in no event that of passenger for hire. It was simply the exchange of amenities between fellow employees. Plaintiff heavily relies on *Peccolo* v. *City of Los Angeles,* 8 Cal. (2d) 532 (66 Pac. [2d] 651). While there is a superficial resemblance, an examination of that case shows that the parties were not fellow employees at all and the cars belonged to the employers, not the employees. We think this case, on its facts, more nearly resembles that of *Fisher* v. *Johnson,* 238 Ill. App. 25, wherein the court said:

"We regard the circumstances in no different light than if on each occasion when one drove the other in his car to and from their place of business it was upon an express invitation from the former to the latter to be his guest, and therefore negligence could not be imputed to the latter on the theory that because they were accustomed to exchange courtesies and ride together they were engaged in a joint enterprise or undertaking."

Practically every interchange of amenities and hospitality, when very carefully analyzed, may appear to be a *quid pro quo* arrangement, but this does not prevent the relationship from being that of host and guest.

The trial court was correct. Judgment for defendant affirmed, with costs.

Chandler, C. J., and Boyles, North, Starr, Wiest, Bushnell, and Sharpe, JJ., concurred.