Rollins, J.
The plaintiff here seeks to recover for personal injuries sustained by him. while riding in an automobile owned and operated by the defendant.
The trial judge found for the defendant and made the following findings, which set forth all the material facts:
“. . . On all of the evidence I find that the defendant lives on Chaffee Street in New Bedford east of Acushnet Avenue in the north part of the city. I find that he is living apart from his wife and that he has living with him a fifteen-year-old son. I find that the property where the defendant lives is held in trust for the benefit of the son. I find that there is a hen coop on the property and that hens bought by the defendant are kept therein. I find that the defendant has carried the plaintiff home from the home of the defendant many times and that he has also carried the plaintiff a number of times to purchase groceries. I find that the parties are friends and have done favors for each other.
“I find that the plaintiff is a disabled ‘World War I’ veteran who lives alone on Phillips Avenue about a quarter of a mile west of where the defendant lives. I find that the plaintiff had been injured by shrapnel and *120 had an injured leg. I find that when the defendant moved from Bates Street to Chaffee Street the plaintiff helped the defendant move but that he was not paid anything. I find that while the defendant has been living on Chaffee Street, the plaintiff has been to his house time after time. I find that the plaintiff went to the home of the defendant almost every other Sunday and that the defendant would take him home in the automobile. I find that if the plaintiff was at the home of the defendant during meal time he was invited to eat and did have many meals with the defendant. There was testimony that on Saturday, November 14, 1942, the defendant went to the home of the plaintiff and told him that he wanted to put on his storm windows and clean out the hen coop the next day, Sunday, and asked the plaintiff to give him a hand and help him, and told the plaintiff that he would come for him and take him back home. I find that there was no expectation on the part of either of the parties to give or accept compensation. I find that the next day at about one o’clock in the afternoon the defendant went for the plaintiff and took him back home and that the plaintiff as a friend helped the defendant put on the storm windows and that after that the defendant went to Taunton and left the plaintiff to clean out the hen coop which is about 12 by 18 feet square. I find that the plaintiff cleaned the hen coop and spread the debris on the garden. I find that after the plaintiff finished cleaning the hen coop he went into the house and that the defendant returned home about seven o’clock that evening. I find that after both had had supper the defendant started to take the plaintiff home and that during the trip the plaintiff sat on the front seat with the-defendant. I find that the window was down and the plaintiff had his right hand on the window sill of the door. I find that, while the defendant, who was a good driver, was traveling west on Phillips Avenue down a hill or grade in the middle of the road at about twenty miles an hour, all of a sudden the automobile tipped to the right and came to a rest on its top with all four wheels in the air. Neither of the parties could give any explanation of how the accident happened excepting* that the defendant testified that he must have hit a stone *121 or taken Ms eyes off of the center of the road. Neither of the parties saw any obstruction or stone in the road. I find that the road was dry at the time and there was no other traffic. The lights were on and it was a perfect night. I find that the defendant would like to see the plaintiff collect if he can. I find that as a result of the accident the right hand of the plaintiff was caught between the door and the surface of the road and crushed and injured. I find that the little finger on his right hand was hanging down when he was taken out of the automobile. I find that the plaintiff was taken to a doctor and later to St. Lukes Hospital.
“After a careful consideration and scrutiny of all of the evidence I find that the defendant is willingly lending Mmsclf to the nlainkff in order for him to recover where any verdict recovered will not come out of the poclcetbook of the defendant.
“At the close of the trial the plaintiff filed four requests for rulings of law and the defendant filed eight.
“All of the requests of the plaintiff are domed for the reason that I find the act of taking the plaintiff home on the day in question followed out the custom of the defendant to carry the plaintiff home as he had theretofore done on many occasions because of their friendsMp and the disability of the plaintiff and of the desire of the defendant to see the plaintiff recover if he can.
“Bequest No. 1 of the defendant is allowed. Bequest No. 2 is denied. Bequest No. 3 is allowed. Bequest No. 4 is denied. Bequests No. 5 and 6 are granted. Bequest No. 7 is denied. Bequest No. 8 is allowed.”
The plaintiff, claiming to be aggrieved by the rulings and refusals to rule as requested, this case was reported to the Appellate Division for determination.
The first question to be determined by the trial judge was whether or not the plaintiff was a guest rider in the defendant’s automobile, and being transported gratuitously, at the time he sustained his injury.
If the plaintiff was merely a guest of the defendant at the time of the injury, he can recover only if the defendant was guilty of gross negligence. Bank v. Satran, 266 Mass. 253.
*122 If, however, the plaintiff, when injured, was riding in the defendant’s automobile, for a purpose incidental to some business of the defendant and for the benefit of the defendant, the plaintiff can recover if the defendant was chargeable with ordinary negligence. Foley v. McDonald, 283 Mass. 96. Woods v. Woods, 295 Mass. 238.
It is evident that the trial judge decided that the plaintiff, at the time of the accident, was a guest rider. This appears from the denial by the trial judge of the plaintiff’s requests for rulings, the general finding for the defendant, and the special findings of fact above quoted.
It is true that there was testimony introduced to the effect that the defendant asked the plaintiff to help him do some work and promised that if he did so, he would take the plaintiff to his home after the work was completed. If the trial judge had found that such was the fact, and that such testimony was true, then the plaintiff would not have been a mere guest rider but would have been taken home as result of a contract made between the plaintiff and defendant for the benefit of the defendant, and would have been entitled to recover if the defendant was guilty of only ordinary negligence.
But the trial judge was not obliged to believe this testimony, even if uncontradicted. McDonough v. Vozzela, 247 Mass. 552, 558. Taking the evidence as a whole, he could have found, and evidently did find, that no such contract or agreement was made and that the defendant was giving the plaintiff a free ride home as he had done on many other occasions. This Appellate Division cannot set aside this finding of the trial judge unless it was entirely unwarranted upon the evidence and we cannot say in this case that he was unwarranted in making such a finding. Engel v. Checker Taxi Co., 275 Mass. 471, 475, 476.
*123 The court found that there was no gross negligence shown on the part of the defendant and found for the defendant. It is, of course, immaterial as to whether or not there was ordinary negligence involved.
We find no error in the rulings of the trial judge on the plaintiff’s and defendant’s requests.
There being no prejudicial error, the Order must be Report Dismissed.