### BOND v. SHARP.

1. AUTOMOBILES—PASSENGER FOR HIRE—GUEST PASSENGER—SOCIABILITY.

    Whether the relationship between a passenger and motorist is that of guest passenger or a passenger for hire depends upon the facts of each case and where the arrangements between the parties are so indefinite and casual that sociability is the dominant element, then a guest relationship exists (CL 1948, § 256.29).

2. SAME—PASSENGER FOR HIRE.

    Generally, whenever transportation is for the pecuniary benefit of the defendant motorist, the transaction is not gratuitous and a passenger-for-hire relationship may exist.

3. SAME—FACTORY WORKERS ALTERNATING DRIVING AGREEMENT—PASSENGER FOR HIRE.

    Where plaintiff passenger and defendant motorist worked at the same factory and originally each agreed to drive every other week or in default thereof pay substantially the bus fare they would otherwise have had to pay and circumstances rendered it convenient to modify the agreement to alternate driving biweekly, and the agreement was not for social purposes but purely a business arrangement entitling each to the right to demand a corresponding service or $1 a day for failure to perform and was to continue while both worked at the same factory, the relation created was that of a passenger for hire.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 5 Am Jur, Automobiles, § 239.
[1–3] Who is guest within contemplation of statute regarding liability of owner or operator of motor vehicle for injury to guest. 82 ALR 1365; 95 ALR 1180.

Appeal from Bay; Leibrand (Karl K.), J. Submitted June 16, 1949. (Docket No. 77, Calendar No. 44,332.) Decided September 8, 1949.

Case by LeRoy Bond against Neil Frank Sharp for injuries sustained while he was a passenger in defendant's automobile. Judgment for defendant. Plaintiff appeals. Reversed and remanded for further proceedings.

*Oscar W. Baker, Jr.,* for plaintiff.

*Heilman & Purcell,* for defendant.

SHARPE, C. J. Plaintiff began an action for injuries claimed to have been received in an automobile accident on July 18, 1947. The essential facts are not in dispute. Prior to and at the time of the accident, plaintiff and defendant were living in Bay City and worked for the same employer in Saginaw, a distance of approximately 15 miles from their home.

About a week after plaintiff began working in Saginaw, the parties entered into an agreement relative to transportation to and from work. It was agreed that each party would drive his automobile for one week alternately, that the other would be a passenger receiving rides from his home to his place of employment and return and if the driver failed to carry the other party as passenger, as required by the agreement, then the party so required to drive would pay $5 for the week to the opposite party or $1 for each day that he failed to drive. The agreement was to operate during the time the parties were employed at their present employment. The bus fare for the round trip between Saginaw and Bay City was 55 cents, but as the driver was picking his passenger up at his home and taking him direct-

ly to the job, the parties agreed upon $1 per day in the event the passenger failed to get his ride.

Plaintiff drove his car for a full week in accordance with the agreement and defendant had started driving on the second week when his car broke down and had to be taken to the garage for repairs. Defendant then informed plaintiff that because of the expense necessary for the repair of his car and because of his wife's physical condition, he was unable to pay the $1 per day as agreed. It was then agreed that defendant would not be required to pay the $1 per day for that week, that plaintiff would finish out the week, and that thereafter defendant would drive for 2 consecutive weeks in order to equalize the period that plaintiff drove his car.

On July 18, 1947, defendant was driving his car on the second week, after having had it returned to him from the garage. On the date in question and while defendant was driving on the return trip from Saginaw to Bay City, defendant's car came into collision with another car resulting in severe injuries to plaintiff.

The cause came on for trial before the judge without a jury. Upon the conclusion of plaintiff's proofs, defendant made a motion for judgment for defendant on the theory that plaintiff, being a guest passenger, is barred from recovery by the provisions of the guest-passenger act (CL 1948, § 256.29 [Stat Ann § 9.1446]).

In granting the motion the trial court stated:

"In the instant case, in the opinion of the court, the original agreement between plaintiff and defendant, made in June, 1947, possessed several of the incidents held in the Ohio case of *Miller* v. *Fairley* [141 Ohio St 327 (48 NE2d 217)] to establish plaintiff's status as a passenger for hire. But, in the instant case, whatever may have been the legal effect of the original agreement, the element of so-

ciability appears to have become the dominant factor in the relationship as the parties became better acquainted. Plaintiff waived his right to compensation for his second successive week's driving and accepted in lieu thereof defendant's promise to drive for the next two successive weeks. It was during this latter period, while the original agreement stood modified or suspended, that the collision and the injuries occurred. Neither the terms of the original agreement nor the possibility of a return thereto control. On the day and at the time of the collision in question, plaintiff was riding, and defendant was driving, under an arrangement identical with that involved in *Everett* v. *Burg* [301 Mich 734 (146 ALR 639)], except that the period of alternation of cars in the instant case was two weeks rather than the one-week alternation period found in *Everett* v. *Burg*.

"It follows, in the opinion of the court, that under the holding in *Everett* v. *Burg*, plaintiff was defendant's guest passenger at the time of the collision, and is precluded from recovery by the specific provisions of the guest-passenger act. Under this view of the case, it is unnecessary to pass on defendant's negligence, if any. Verdict and judgment of no cause of action may be entered in favor of the defendant, with defendant to have costs to be taxed."

Plaintiff appeals and urges that in making the agreement to share rides the parties entered into an agreement whereby each was to use his own automobile on alternate weeks in driving the other party directly from his home to the job and return on each of the 5 working days of the week, that failure to abide by the agreement and to drive when required imposed a liability upon the driver so failing to pay $5 to the other party for any week that he failed to drive, or $1 for any day that he failed to drive, which agreement was to continue in operation during the time the parties worked on the Saginaw job; and

that the agreement constituted a passenger-for-hire relationship.

Defendant contends that on the date the accident happened, the original agreement had been modified to the effect that one person would drive for 2 weeks and then the other person would drive for 2 weeks; that the relationship between the parties was that of host and guest.

The trial court held that the accident occurred during the period that the original agreement was modified or suspended. We are in accord with the trial court that the accident happened during the period that the agreement was modified. But, in our opinion, the modified agreement related only to the period of time that each of the parties was to drive. Whether the relationship between parties is that of a guest passenger or a passenger for hire depends upon the facts in each case. It has been held that where the arrangements between the parties are so indefinite and casual that sociability is the dominant element, then a guest relationship exists. See *In re Harper's Estate*, 294 Mich 453; *Guiney* v. *Osborn*, 295 Mich 559; *Brody* v. *Harris*, 308 Mich 234 (155 ALR 573).

It is the general rule that whenever transportation is for the pecuniary benefit of the defendant, the transaction is not gratuitous and a passenger-for-hire relationship may exist. See *Foley* v. *McDonald*, 283 Mass 96 (185 NE 926); *Bushouse* v. *Brom*, 297 Mich 616; *Everett* v. *Burg*, 301 Mich 734 (146 ALR 639); *Miller* v. *Fairley*, 141 Ohio St 327 (48 NE2d 217).

Defendant relies upon *Everett* v. *Burg, supra.* In that case 6 fellow employees residing in Saline, Michigan, arranged for their joint transportation to and from their place of employment at Milan, Michigan, by 5 of them alternating each week in driving their respective automobiles for that purpose, the

sixth person paying the driver for each week the sum of 75 cents for his transportation. One of the fellow passengers who took turns in driving was killed while riding to work in the car operated by another one of the 5 drivers. We held in that case that decedent was not a passenger for hire, basing our opinion upon the reasoning found in *Fisher* v. *Johnson,* 238 Ill App 25, wherein the court said:

"We regard the circumstances in no different light than if on each occasion when one drove the other in his car to and from their place of business it was upon an express invitation from the former to the latter to be his guest, and therefore negligence could not be imputed to the latter on the theory that because they were accustomed to exchange the courtesies and ride together they were engaged in a joint enterprise or undertaking."

In *Bushouse* v. *Brom, supra,* 627, we said:

"But each case must be decided in the light of its own facts; and we think it is always important to ascertain, if possible, what it was that primarily motivated the undertaking."

In the case at bar the primary objective of the agreement was to transport the parties to and from their place of employment. In determining whether the arrangement for exchange of rides was for pleasure or social purposes we must examine the facts and circumstances at the time the agreement was entered into. We quote from plaintiff's testimony:

"*Q.* Did you know Mr. Sharp in any other way than working with him on the jobs?
"*A.* No.
"*Q.* Did you go out socially together after work?
"*A.* No, we did not.

"*Q.* Did you see Sharp at any other times, or associate with him other than during the business-employment?

"*A.* No."

It is also an established fact that the agreement was not for a single trip, but was to continue so long as the parties were employed in the same factory. The amount of the payment in case either party defaulted on the agreement was definite and approximately the cost of bus fare between the two cities. The agreement was not for social purposes, but purely a business arrangement. The benefit accruing to each party as a result of it was the right to demand a corresponding service or to enforce payment of $1 a day for failure to perform. In our opinion the agreement created a passenger-for-hire relationship.

The judgment of the trial court is reversed and the cause remanded to the circuit court for further proceedings. Plaintiff may recover costs.

BUSHNELL, BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.