## COLLINS v. RYDMAN.

1. AUTOMOBILES—GUEST PASSENGERS—PASSENGER FOR HIRE.
    Whether the relationship between the parties is that of a guest
    passenger or a passenger for hire depends upon the facts
    in each case; if the arrangements are so indefinite and casual
    that sociability is the dominant element, then the guest re-
    lationship exists, but if the transportation is for the pecuniary
    benefit of the host motorist, the transportation is not gratuitous
    and a passenger-for-hire relationship may exist (PA 1949, No
    300, § 401).

2. SAME—PASSENGER FOR HIRE—CONSIDERATION.
    Payment for transportation in a private motorcar need not re-
    quire a money consideration to make the relation between
    passenger and driver one of passenger for hire as the ren-
    dition of services or other giving of value, pursuant to an
    agreement, is sufficient.

3. SAME—GUEST PASSENGER—INCIDENTAL BENEFITS.
    The relationship of passenger for hire does not exist where trip
    is taken for pleasure or social purposes and incidental benefits
    to the driver are not sufficient to take the case out of the
    guest-passenger status (PA 1949, No 300, § 401).

4. SAME—PASSENGER FOR HIRE—CAR POOL.
    Evidence that plaintiff, passenger, and defendant's decedent,
    motorist on the day in question, were 2 of 6 members of car

---

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 5 Am Jur, Automobiles § 239.
[1–4] Who is guest within contemplation of statute regarding li-
    ability of owner or operator of motor vehicle for injury to guest.
    82 ALR 1365; 95 ALR 1180.
    Paying or sharing cost of gas and oil on pleasure trip as affecting
    one's status as a guest within automobile guest statute. 155
    ALR 575.
    Guest statute as applicable to member of family riding in car
    driven by another member. 2 ALR2d 932.
    Payment or contribution by or on behalf of automobile rider as
    affecting his status as guest. 10 ALR2d 1351.

pool each of whom drove every sixth day from village where they all lived to common place of work and thereby effected a saving to each of approximately $4 per week *held,* sufficient to support jury's finding that a passenger-for-hire relationship existed between members of the pool entitling plaintiff, admittedly free from contributory negligence, to recover from estate of deceased motorist who was admittedly guilty of contributory negligence in driving to left of overtaken vehicle into a head-on collision on foggy morning (PA 1949, No 300, § 401).

Appeal from Midland; Holbrook (Donald E.), J. Submitted January 13, 1956. (Docket No. 86, Calendar No. 46,721.) Decided March 1, 1956.

Case by William Collins against Jack G. Rydman, administrator of the estate of Arthur C. Rydman, deceased, for damages for injuries sustained while passenger riding to work in deceased's automobile. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*James R. Rood,* for plaintiff.

*Weston L. Sheldon,* for defendant.

SHARPE, J. Plaintiff began an action for damages for injuries sustained while riding with defendant's deceased driver as a passenger for hire under a driving pool contractual arrangement. The essential facts are as follows: On April 6, 1954, an automobile owned and driven by Arthur C. Rydman hit an oncoming truck head-on in a fog while attempting to pass another automobile. The collision occurred at about 7:15 a.m., approximately 1/2 mile east of the intersection of US–10 and M–30 in Midland county. It appears that plaintiff and defendant's decedent and 4 other men had been riding together for approximately 3 months, and did so as a result of an agreement to save car expense. All 6 men

were employed by Dow Chemical Company and all of them lived in the vicinity of Coleman, Michigan. Each of the men owned an automobile, and it was agreed that each member would drive his automobile in his turn every 6 days. If a driver missed a turn at driving, he would telephone another member for substitution and later make up driving in the accommodating member's turn to drive. On the day of the accident Arthur C. Rydman substituted for Martin Allen who had telephoned him. Plaintiff, at the time of the accident, was riding in the car driven by Arthur C. Rydman, who, in an attempt to pass an automobile, drove to the left side of the highway for the purpose of passing another automobile proceeding in the same direction, at a time when the visibility on the highway was limited due to the presence of fog, and in so doing had a head-on collision with a truck going in the opposite direction. As a result of the collision Arthur C. Rydman was fatally injured, and plaintiff was likewise severely injured.

Plaintiff began an action in the circuit court of Midland county, and alleged in his declaration that he was not a guest passenger.* The cause came on for trial, during which time plaintiff introduced evidence in support of his declaration. At the close of plaintiff's proofs, and at the close of all proofs, defendant made a motion for a directed verdict on the theory that the scheme of the driving pool was voluntary and that no contract was ever entered into amounting to a passenger-for-hire relationship. The ruling on the motion was reserved by the trial court under the Empson act.† The trial court submitted the cause to the jury and, among others, gave the following instructions:

---

* See PA 1949, No 300, § 401 (CLS 1954, § 257.401 [Stat Ann 1952 Rev § 9.2101]).—Reporter.

† CL 1948, § 691.691 et seq. (Stat Ann and Stat Ann 1955 Cum Supp § 27.1461 et seq.).—Reporter.

"The Court instructs you that one of the basic issues to be determined by you in this case is whether the plaintiff, William Collins, was a passenger for hire, or a guest passenger at the time of the accident in question. This issue is termed a basic one because the foundation of liability as to a guest passenger differs significantly from that of a passenger for hire. A guest is one who is invited, either expressly or impliedly, to enjoy the hospitality of the driver of a motor vehicle, who accepts such hospitality and who takes the ride either for his own pleasure or on his own business, without making any return to or conferring any benefit upon the driver of the vehicle as compensation for the ride other than the mere pleasure of the rider's company. Where, however, the driver receives some compensation, which is the chief inducement for the rider's transportation and which is given and received as compensation and as a business transaction, such a rider is a passenger for hire, not a guest passenger. The compensation required to make a person a passenger for hire rather than a guest passenger, need not be in money and need not be paid directly by the one who thereafter becomes a plaintiff. If, as the chief inducement for the transportation any benefit is conferred on the driver, which has a then present pecuniary value, though that value may never ripen into material gain, the person transported is a passenger for hire, and not a guest passenger."

The jury returned a verdict in favor of plaintiff in the amount of $4,000. On March 15, 1955, defendant filed a motion for a "directed verdict notwithstanding verdict." The trial court denied this motion on March 23, 1955. On April 1, 1955, defendant filed a motion for a new trial. The motion for a new trial was denied by the trial court on April 12, 1955. Defendant appeals and urges that the trial court was in error in failing to grant defendant's motion for a directed verdict, and in submitting the issue of passenger for hire to the jury. It is admitted that de-

fendant's decedent, Arthur C. Rydman, was guilty of ordinary negligence and that such negligence was the proximate cause of the accident.

It is also an admitted fact that plaintiff was free from contributory negligence, nor is there an issue as to the size of the verdict. The rule to be followed to determine whether plaintiff was a guest passenger or a passenger for hire is announced in *Bond* v. *Sharp,* 325 Mich 460, 464, where we said:

"Whether the relationship between parties is that of a guest passenger or a passenger for hire depends upon the facts in each case. It has been held that where the arrangements between the parties are so indefinite and casual that sociability is the dominant element, then a guest relationship exists. See *In re Harper's Estate,* 294 Mich 453; *Guiney* v. *Osborn,* 295 Mich 559; *Brody* v. *Harris,* 308 Mich 234 (155 ALR 573).

"It is the general rule that whenever transportation is for the pecuniary benefit of the defendant, the transaction is not gratuitous and a passenger-for-hire relationship may exist. See *Foley* v. *McDonald,* 283 Mass 96 (185 NE 926); *Bushouse* v. *Brom,* 297 Mich 616; *Everett* v. *Burg,* 301 Mich 734 (146 ALR 639); *Miller* v. *Fairley,* 141 Ohio St 327 (48 NE2d 217)."

In the above case the primary objective of the agreement was to transport the parties to and from their place of employment. It is also the rule that payment for transportation does not necessarily require a money consideration. The rendition of services or other giving of value, pursuant to an agreement, is sufficient, see *Peronto* v. *Cootware,* 281 Mich 664, and *Anderson* v. *Conterio,* 303 Mich 75. It is also the rule that if a trip is taken for pleasure or social purposes, the relationship of passenger for hire does not exist, see *Wilcox* v. *Keeley,* 336

Mich 237. Nor are incidental benefits sufficient to take the case out of the guest-passenger status.

In the case at bar there was evidence introduced from which a jury could find that all of the parties in the car pool lived in or near Coleman, a village 15 to 18 miles north of Midland, the home of the Dow Chemical Company; that the parties would meet at the hotel in Coleman about 6:45 a.m. for the trip to Midland; that each member of the pool would drive every 6th day; that any member of the pool could refrain from driving when his turn to drive came, but was obligated to have another member of the pool to drive in his place; that the cost of taking a bus from Coleman to Midland was approximately $4.90 for 10 rides; that the cost under the pool arrangement was approximately $1.00 per week for each member; that the families of the members were not on what might be called social terms; that the main purpose of the pool was for financial purposes, and that the benefits accruing to each member of the pool was the right to demand a corresponding service from other members of the pool.

In our opinion there was evidence from which a jury could determine that a passenger-for-hire relationship existed between the members of the pool. The judgment of the circuit court is affirmed, with costs to plaintiff.

Dethmers, C. J., and Smith, Reid, Boyles, Kelly, Carr, and Black, JJ., concurred.