PENCE *v.* DEATON.

1. AUTOMOBILES—PASSENGERS—QUESTION FOR JURY—PAYMENT FOR TRANSPORTATION.

Whether or not plaintiff, a passenger in defendant's car when injured due to defendant's negligence, was a passenger for hire *held,* a question for the jury, where evidence shows plaintiff had paid defendant $5 per week for driving to and from work and had paid $2.50 for 24-mile trip on mission personal to plaintiff and at latter's request, since defendant received a pecuniary benefit from the plaintiff (CLS 1956, § 257.401).

2. SAME—GUEST PASSENGERS—PASSENGER FOR HIRE.

Whether the relationship between the parties in an automobile is that of a guest passenger or passenger for hire depends upon the facts of each case, a guest relationship existing if the arrangements are so indefinite and casual that sociability is the dominant element and a passenger-for-hire relationship existing whenever the transportation is for the pecuniary benefit of the defendant (CLS 1956, § 257.401).

3. SAME—PASSENGER FOR HIRE.

A passenger for hire in an automobile is entitled to at least the exercise of ordinary care for his safety by the driver.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5A Am Jur, Automobiles and Highway Traffic § 517.
Payments or contributions by or on behalf of automobile rider as affecting his status as guest.  10 ALR2d 1351.
[3] 5A Am Jur, Automobiles and Highway Traffic § 496.

Appeal from Oakland; Hartrick (George B.), J. Submitted October 7, 1958. (Docket No. 2, Calendar No. 47,808.) Decided December 3, 1958.

Case by Henry Pence against Green B. Deaton for personal injuries sustained while a passenger in defendant's automobile. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Clarence L. Smith* and *Philip Pratt,* for plaintiff.

*Wilson, Ingraham & Kavanagh,* for defendant.

BLACK, J. This negligence case, brought by the plaintiff passenger against the defendant motorist, presents but 1 question, whether any proof was submitted below on which the jury might with legal propriety have found that plaintiff was a passenger for hire at the time his declared injury was sustained. Negligence of the defendant motorist, actionable by the common law at suit of the plaintiff passenger, is conceded. Plaintiff claims the proofs shows he was being transported by defendant in consideration of "payment for such transportation." Defendant insists that plaintiff has failed to sustain the burden of proving that he, plaintiff, was not a guest passenger within meaning of the statute.* The trial judge, agreeing with defendant, directed

---

* The pertinent proviso, which was added by amendment in 1929 and is now incorporated as section 401 of the motor vehicle code, PA 1949, No 300 (CLS 1956, § 257.401, Stat Ann 1952 Rev § 9.2101), reads as follows:

"Provided, however, That no person, transported by the owner or operator of a motor vehicle as his guest *without payment for such transportation* shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought."

a verdict against plaintiff and entered judgment for defendant. Plaintiff appeals.

Both parties reside near Walled Lake, in Oakland county. Plaintiff had no car of his own. "For 2 or 3 weeks, about a month prior to the accident herein," he had ridden to and from work with the defendant, paying the latter $5 per week for such driving service. The trip we consider, however, was not a part of such to-and-from-work driving arrangement.

May 20, 1950, plaintiff desired to go from Walled Lake to Keego Harbor (a distance of approximately 12 miles). It is stipulated that the purpose of plaintiff's intended trip was that of "gaining information regarding his mother's illness from a friend who had recently gone to plaintiff's home town in Kentucky and was expected back on that day."

In the early evening of the given date, plaintiff obtained transportation from others into Walled Lake. On arrival, and as he was standing with friends in a street, he saw defendant's car approach. Defendant was driving. Plaintiff signaled and defendant stopped. Plaintiff walked to the car and told defendant that he "would fill his car with gas if he would take me to Keego or pay him and he said O. K." (quotation from stipulated facts). Plaintiff thereupon entered the car. Defendant, having first driven around a local park, proceeded to a gasoline station in Walled Lake for the agreed purpose. The gas tank of defendant's car was filled and plaintiff handed defendant a $5 bill. Using the bill, defendant paid the filling station operator $2.50. The change from the bill was handed by defendant to plaintiff and the car was started on the trip toward Keego Harbor, defendant driving. On the way defendant's car came into collision with another motor vehicle and plaintiff was injured.

We hold that the question whether plaintiff was a passenger for hire should have been submitted to the jury. For the agreed transportation the defendant driver received a "pecuniary benefit" from the plaintiff rider. The fuel paid for by the plaintiff rider would not, excepting as to a minimal portion thereof, have been utilized in making the intended 24 mile trip.* In *Collins* v. *Rydman,* 344 Mich 588, 592, handed down after this case of Pence was tried in the court below, this Court unanimously agreed:

"The rule to be followed to determine whether plaintiff was a guest passenger or a passenger for hire is announced in *Bond* v. *Sharp,* 325 Mich 460, 464, where we said:

" 'Whether the relationship between parties is that of a guest passenger or a passenger for hire depends upon the facts in each case. It has been held that where the arrangements between the parties are so indefinite and casual that sociability is the dominant element, then a guest relationship exists. See *In re Harper's Estate,* 294 Mich 453; *Guiney* v. *Osborn,* 295 Mich 559; *Brody* v. *Harris,* 308 Mich 234 (155 ALR 573).

" 'It is the general rule that whenever transportation is for the pecuniary benefit of the defendant, the transaction is not gratuitous and a passenger-for-hire relationship may exist. See *Foley* v. *McDonald,* 283 Mass 96 (185 NE 926); *Bushouse* v. *Brom,* 297 Mich 616; *Everett* v. *Burg,* 301 Mich 734 (146 ALR 639); *Miller* v. *Fairley,* 141 Ohio St 327 (48 NE2d 217).' "

The last paragraph quoted from *Collins,* consistent as it is with the considered tenor of authority elsewhere, definitely applies here. In the modern annotation appearing in 10 ALR2d 1351 and headed "Pay-

---

* This does not mean that payment by a passenger of an amount less than the approximate out-of-pocket cost of the agreed trip would necessarily result in a holding that the relationship is that of guest and host. Such a case is not before us.

ments or contributions by or on behalf of automobile rider as affecting his status as guest," cases dealing with the subject of "cash payment" are assembled and the following rule is announced (p 1355):

"Where, in pursuance of a contract between the parties, the occupant of an automobile makes a cash payment to the owner or operator, in consideration of which he is transported, it seems clear that he is a passenger for hire rather than a guest, under the terms of the guest statutes, so that he is entitled to at least the exercise of ordinary care for his safety. It has been so held under the statutes which use the term 'payment' in defining the status of a passenger for hire."

We declare adherence to the quoted portion of such annotation and rule that the question of this plaintiff's status, under the so-called guest-passenger act, was not a proper one for determination on motion for instructed verdict. It follows that the judgment of the circuit court must be reversed with remand of the case for new trial.

Reversed and remanded accordingly. Costs to plaintiff.

DETHMERS, C. J., and CARR, KELLY, SMITH, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.