BELEN v DAWSON

1. AUTOMOBILES—OWNERS' LIABILITY—NEGLIGENCE.

The owner of a motor vehicle driven with his express or implied consent or knowledge is liable for any injury occasioned by the negligent operation of such vehicle (MCLA 257.401).

2. AUTOMOBILES—OWNERS' LIABILITY—TORTS—CO-EMPLOYEES—WORK-MEN'S COMPENSATION ACT.

The provisions of the Workmen's Compensation Act barring an employee's recovery in a tort action against a co-employee do not extend to the liability of a defendant corporation which owned a vehicle in which the plaintiff was injured while being driven by a co-employee to their mutual place of employment with the knowledge, consent and permission of the defendant owner corporation which was neither a fellow employee nor their employer (MCLA 418.101 *et seq.*).

3. AUTOMOBILES—GUEST PASSENGERS—GRATUITOUS TRANSPORTATION—PAID TRANSPORTATION.

The test in applying the guest passenger proviso of the vehicle code, where the context in which the passenger was being transported was not social, is whether the transportation was furnished gratuitously; if paid for, it is immaterial whether the passenger or another paid.

4. AUTOMOBILES—PASSENGERS—GUEST PASSENGERS—QUESTION OF FACT.

Most cases involving an arguable application of the guest passenger proviso of the vehicle code are *sui generis* in their factual circumstances, and the status of the passenger is jury submissible.

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur 2d, Automobiles and Highway Traffic § 571 *et seq.*
[2] 8 Am Jur 2d, Automobiles and Highway Traffic § 645.
 58 Am Jur, Workmen's Compensation §§ 7, 128.
[3] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 478–481.
 Payments or contributions by or on behalf of automobile rider as affecting his status as guest. 10 ALR2d 1351.
[4, 5] 8 Am Jur 2d, Automobiles and Highway Traffic § 475 *et seq.*

5. Automobiles—Passengers—Guest Passengers—Scope of Employment—Question of Fact.

The issue of a plaintiff's status as a passenger at the time of an accident should be submitted to the jury under appropriate instructions where his status is susceptible of different constructions and the jury could reasonably conclude that in transporting the plaintiff to a place of mutual employment a co-employee was sufficiently within the scope of his employment to preclude application of the guest passenger proviso of the vehicle code (MCLA 257.401).

Appeal from Wayne, Lysle G. Hall, J. Submitted Division 1 March 5, 1974, at Detroit. (Docket No. 15911.) Decided April 29, 1974. Leave to appeal applied for.

Complaint by Lucius Belen against Francis Dawson, Russell R. Hoover, and Jax Kar Wash No. 5, Inc., for damages for injuries resulting from multiple collisions involving three motor vehicles. Judgment of no cause of action in favor of defendant Jax Kar Wash No. 5, Inc.; judgment for plaintiff against defendant Dawson, and against plaintiff in favor of defendant Hoover. Plaintiff appeals. Reversed and remanded for a new trial as to Jax Kar Wash No. 5, Inc. Affirmed as to defendant Hoover.

*Paul B. Newman,* for plaintiff.

*Alvin B. Lynn,* for defendant Dawson.

*Rouse, Selby, Dickinson, Pike & Mourad* (by *Ronald R. Hanlon),* for defendant Hoover.

*Morton H. Collins,* for defendant Jax Kar Wash No. 5, Inc.

Before: Danhof, P. J., and Bronson and R. E. A. Boyle,* JJ.

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

Danhof, P. J. This action arises out of multiple collisions which occurred on January 6, 1969 involving three motor vehicles. Plaintiff was a passenger in a van-type truck, owned by defendant Jax Kar Wash No. 5, Inc. (hereinafter Jax's No. 5) and operated by one Sterling Lester who is not a party to this action. The other vehicles involved were a Ford automobile owned and operated by defendant Francis Dawson and a Comet automobile owned by defendant Russell Hoover. The principal question presented on appeal is whether the guest passenger proviso of MCLA 257.401; MSA 9.2101 bars recovery by plaintiff from Jax's No. 5 for injuries incurred in the accident. There is no dispute regarding the nonexistence of gross negligence or willful and wanton conduct on the part of Lester.

On the date of the accident, plaintiff was an employee of Jax Kar Wash No. 8, Inc. (hereinafter Jax's No. 8). Jax's No. 5 and Jax's No. 8 have common management and common ownership, but are separate corporations. It has been admitted that, on the date of the accident, Lester was operating the vehicle of Jax's No. 5 with the owner's knowledge, consent and permission. Lester, plaintiff's foreman and co-employee, was using the vehicle to drive plaintiff to their mutual place of employment, Jax's No. 8, from yet another Jax Kar Wash (the number being irrelevant, it not being No. 5).

The trial court failed to find "any benefit flowing to Jax's No. 5" for plaintiff's transportation. The trial court found the guest passenger proviso applicable and directed a verdict of no cause of action in favor of Jax's No. 5. Thereafter, the jury found in plaintiff's favor on his claim against defendant Francis Dawson and against plaintiff on his claim

against defendant Russell Hoover. Plaintiff appeals the judgment on the jury's verdict of no cause of action as to defendant Hoover and the directed verdict in favor of Jax's No. 5.

MCLA 257.401, *supra,* reads in part as follows:

"The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle * * * . The owner shall not be liable, however, unless said motor vehicle is being driven with his or her express or implied consent or knowledge."

Assuming that plaintiff's injuries arose out of and in the course of his employment, plaintiff is barred by the provisions of the Workmen's Compensation Act[1] from recovering in a tort action against his co-employee Lester. However, Lester's immunity does not extend to Jax's No. 5, the owner of the vehicle, since it is neither a fellow employee nor an employer. *Ladner v Vander Band,* 376 Mich 321; 136 NW2d 916 (1965). See also *Abrams v Sinon,* 44 Mich App 166; 205 NW2d 295 (1972).

The guest passenger proviso in MCLA 257.401, *supra,* reads:

"Provided, however, That no person, transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought."

---

[1] Formerly MCLA 411.1 *et seq.;* MSA 17.141 *et seq.* Now MCLA 418.101 *et seq.;* MSA 17.237(101) *et seq.*

It is the contention of Jax's No. 5 that, for plaintiff to escape the above quoted proviso, it was incumbent upon plaintiff to prove a benefit running to the owner, as opposed to the operator, of the motor vehicle and that plaintiff produced insufficient evidence of benefit to the owner to have the issue considered by the jury. Jax's No. 5 argues that since both plaintiff and Lester were employees of Jax's No. 8, only the latter corporation derived benefit from the transportation provided to plaintiff.

We will assume that Jax's No. 5 derived no benefit from plaintiff's transportation to Jax's No. 8, even though the two corporations have common management and common ownership. In *Pokriefka v Mazur,* 379 Mich 348; 151 NW2d 806 (1967), an action was brought on behalf of a minor plaintiff against the defendant as owner of an automobile in which plaintiff was a passenger. The automobile, while being operated by defendant's minor daughter, was involved in an accident. The minor driver had agreed to transport the minor passenger to and from college for $2 per week. There is no indication from the facts of the case that defendant owner benefited from the agreement. Nevertheless, the Supreme Court held that the executed contract was sufficient to preclude application of the guest passenger proviso.

In the case at bar, the context in which plaintiff was being transported was not social. Under such circumstances, the test to be applied is whether the transportation was furnished gratuitously. *McGuire v Armstrong,* 268 Mich 152; 255 NW 745 (1934). *Thomas v Currier Lumber Co,* 283 Mich 134; 277 NW 857 (1938). Under these decisions, it is immaterial whether the passenger or another paid for the transportation. Since most cases in-

volving an arguable application of the guest passenger proviso are *sui generis* in their factual circumstances, the status of the passenger is jury submissible. *Pence v Deaton,* 354 Mich 547; 93 NW2d 246 (1958). *Hall v Kimball,* 355 Mich 333; 94 NW2d 817 (1959). *Moore v Detroit,* 19 Mich App 636; 173 NW2d 256 (1969). In the instant case, given the business nature of the context, the jury could reasonably conclude that transporting plaintiff was sufficiently within the scope of Lester's employment to preclude application of the guest passenger proviso. Since plaintiff's status as passenger at the time of the accident is susceptible to different constructions, the issue should be submitted under appropriate instructions to the jury upon retrial. See *Collins v Rydman,* 344 Mich 588; 74 NW2d 900 (1956).

Plaintiff appeals the trial court's judgment on the jury's verdict of no cause of action as to defendant Hoover. Plaintiff claims that the trial court erred reversibly in withholding certain opinion evidence of a police officer from the jury. We do not find an abuse of discretion. The officer was asked to give his opinion as to the exact position of the abandoned vehicle of defendant Hoover before it was struck by the Dawson vehicle. However, the officer did not provide a very substantial foundation in support of his testimony as an expert. Because of heavy snow at the scene of the accident, there were no tire marks, tracks or slide marks which might have enabled him to reconstruct the position of the Hoover vehicle prior to the accident. Furthermore, there was evidence before the jury with respect to the position of the Hoover vehicle which was more favorable to plaintiff than the officer's opinion.

Judgment on the directed verdict in favor of

defendant Jax's No. 5 is reversed and the cause remanded for new trial. Judgment on the jury's verdict in favor of defendant Hoover is affirmed. Plaintiff may tax costs against defendant Jax's No. 5. Defendant Hoover may tax costs against plaintiff.

All concurred.