PERLMUTTER v WHITNEY

PERLMUTTER v STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

1. Negligence—Physical Impact—Emotional Suffering—Child's
Injury—Parent Witness—Mental Anguish—Third Persons.

Physical impact to the plaintiff is no longer a *sine qua non* for
recovery against a negligent defendant, and thus recovery for
emotional suffering sustained by a parent who witnessed a
child's injury is now possible, but the law does not allow
recovery for mental anguish suffered by third persons as a
result of their concern for the injuries of others where such
third persons were not witnesses to the accident in which those
injuries were sustained.

2. Automobiles—Guest Passengers—Passengers for Hire—Evi-
dence—Jury Question—Statutes—Negligence.

An arrangement between the driver of an automobile and his
passenger which is so indefinite and casual that sociability is
the dominant element is a guest-passenger relationship; if
however, the transaction is not gratuitous a passenger-for-hire
relationship may exist; and where the facts are unclear the
issue of the relationship is properly for the jury (MCLA
257.401).

3. Automobiles—Guest Passengers—Evidence—Passengers for
Hire—Jury Question.

Evidence of payment by a passenger to a driver, in and of itself,
is not sufficient to characterize the passenger as a passenger for
hire as a matter of law and therefore the passenger's status is a
question for the jury.

4. Statutes—Insurance—Minimum Liability Requirements—Auto-
mobiles—Uninsured Motorists—Negligence.

The amendment to state law which increased the minimum

References for Points in Headnotes

[1] 38 Am Jur 2d, Fright, Shock, and Mental Disturbance §§ 38, 39.
[2, 3] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 469, 470, 899.
[4] 7 Am Jur 2d, Automobile Insurance §§ 136, 189.

limits required for automobile liability insurance policies to $20,000 per injury and $40,000 per accident applied to policies issued or renewed after October 1, 1971, and not to a one-year policy issued 3-1/2 months before that date which met the minimum liability requirements at the time of its issuance and was not renewable between October 1, 1971 and the date of an automobile accident less than 1-1/2 months later; the policy was in compliance with the minimum liability requirements at the time of the accident and a defendant policyholder so insured was not an uninsured motorist because he lacked the increased coverage provided for by the amendment (MCLA 257.520).

Appeal from Washtenaw, Ross W. Campbell, J. Submitted Division 2 February 10, 1975, at Lansing. (Docket Nos. 19549, 19550.) Decided April 8, 1975.

Complaints by Nancy, Jack and Gloria Perlmutter against James B. Whitney, Marcia A. Whitney, and Richard H. Austin, Secretary of State, Director of the Motor Vehicle Accident Claims Fund, and against State Farm Mutual Automobile Insurance Company for damages arising from an automobile accident. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Cyril Abramson,* for plaintiffs.

*DeVine & DeVine* (by *Allyn D. Kantor),* for defendants James B. Whitney, Marcia A. Whitney, and State Farm Mutual Automobile Insurance Company.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Carl K. Carlsen,* Assistants Attorney General, for defendant Secretary of State.

Before: ALLEN, P. J., and T. M. BURNS and R. M. MAHER, JJ.

T. M. Burns, J. This is an automobile negligence case arising out of an automobile collision which occurred on November 11, 1971, when the plaintiff, Nancy Perlmutter, was riding in an automobile driven by defendant James Balmer Whitney and owned by his wife, defendant Marcia Ann Whitney. At the time of the accident, the driver and his passenger were commuting from Ann Arbor to the Hawthorne Center in Northville, Michigan, where both were student teachers. Plaintiff allegedly paid defendant James Balmer Whitney $10 per month for this transportation.

The accident occurred on a return trip from Plymouth to Ann Arbor when defendant James Balmer Whitney allegedly pulled out to pass a vehicle in his lane and was involved in a head-on collision with a vehicle traveling in the oncoming lane. As a result of the accident, plaintiff Nancy Perlmutter sustained serious injuries requiring a substantial period of disability.

Plaintiffs Jack and Gloria Perlmutter are the parents of Nancy Perlmutter. Mr. and Mrs. Perlmutter were neither involved in the accident nor witnesses to it. On the date and at the time of the accident, Mr. Perlmutter was on a business trip in Toronto, Ontario, and Mrs. Perlmutter was attending school at Wayne State University.

At the time of the accident, the Whitneys were insured for the amount of $10,000 per injury and $20,000 per accident, under a policy of insurance issued by defendant State Farm Automobile Insurance Company on June 15, 1971, said policy expiring on June 15, 1972. On November 3, 1972, after disclosing the limits of the policy to the plaintiffs, defendant State Farm filed an offer of judgment of $10,000, the full amount of the policy, in the Washtenaw County Circuit Court.

On March 27, 1972, the plaintiffs filed a complaint against the defendants Whitney in the Washtenaw County Circuit Court. The cause of action was one for negligence arising out of the collision which occurred on November 11, 1971. In addition to the claim for injuries suffered by plaintiff Nancy Perlmutter, the complaint also alleged that Nancy's parents, plaintiffs Gloria and Jack Perlmutter, had an independent cause of action for the mental and emotional suffering which they sustained as a result of the injuries to their daughter.

Subsequent to the filing of the initial complaint, numerous motions and counter-motions were filed with the lower court. An order adding the Secretary of State, director of the Motor Vehicle Accident Claims Fund, as a party defendant, was entered on October 26, 1972. The plaintiffs also filed an amended complaint adding Count II against the director of the Motor Vehicle Accident Claims Fund.

Most of the motions filed in this case have been for summary judgments with respect to one or more of the issues. After briefs were filed in support of and in opposition to the various motions, the trial court, on February 5, 1974, entered its opinion and order. After analyzing the issues presented, the trial court granted the various motions for summary judgment requested by all the defendants and denied the motions for summary judgment requested by the plaintiffs, including plaintiffs' motion for partial summary judgment seeking a declaration that plaintiff Nancy Perlmutter was as a matter of law a passenger for hire. This appeal followed.

1. *When parents sustain emotional injury result-*

*ing from concern for their injured child, do the parents have an independent cause of action for such emotional injury when they were neither witnesses to the accident causing their child's injuries nor present near the scene of the accident at the time of its occurrence?*

As defendants Whitney and State Farm have pointed out in their appellate brief, the real issue is whether or not the law recognizes a separate cause of action for mental suffering incurred by persons who were not physically involved in an accident, who were not injured as a result thereof, and who did not witness the accident, but who learned from others at a later time that the accident had occurred and that a close relative was injured. Defendants contend that the trial court properly held that no such cause of action exists in this state. We agree.

In discussing this issue in its opinion, the trial court said:

"In Michigan, physical impact to the plaintiff is no longer a *sine qua non* for recovery against a negligent defendant, *Daley v LaCroix,* 384 Mich 4; 179 NW2d 390 (1970). Thus recovery for emotional suffering sustained by a parent who witnessed a child's injury is now possible, *Toms v McConnell,* 45 Mich App 647; 207 NW2d 140 (1973). However, the Supreme Court *[sic]* in *Toms* was careful to distinguish earlier cases *(Hyatt v Adams,* 16 Mich 180 [1867], and *Ellsworth v Massacar,* 215 Mich 511; 184 NW 408 [1921]) which denied recovery for mental anguish sustained by third persons who were not witnesses to the occurrence. This court's reading of the cases reveals that the basis of the distinction was the absence of personal observation of the event. Therefore, inasmuch as plaintiffs Jack and Gloria Perlmutter admittedly did not personally witness the accident, but rather were only subsequently informed

thereof, there can be no cause of action against defendants James and Marcia Whitney and no recovery from their insurer, defendant State Farm Mutual Automobile Insurance Company, for injuries caused by mental anguish sustained by plaintiff Nancy Perlmutter's parents."

We agree with the trial court that the crucial distinction between *Toms* and the case at bar is the fact that in *Toms* the parent witnessed the accident involving her daughter, while in this case neither Jack nor Gloria Perlmutter observed the accident in which their daughter was injured. The trial court correctly pointed out that *Hyatt* and *Ellsworth* precluded recovery for mental anguish suffered by third parties who were not witnesses to the accident. That is still the law in Michigan today, and we decline plaintiffs' invitation to reject that rule. No American jurisdiction has extended the right to recover for mental anguish to the factual circumstances present in this case. Plaintiffs' argument should be directed to our Supreme Court.

We hold, therefore, that under the prevailing law in Michigan and all other American jurisdictions, the trial court correctly ruled that the claims of plaintiffs Jack and Gloria Perlmutter must be dismissed on the ground that the law does not allow recovery for mental anguish suffered by third persons as a result of their concern for the injuries of others where such third persons were not witnesses to the accident in which those injuries were sustained.

2.  *Is evidence of payment by a passenger to a driver of a motor vehicle sufficient evidence, standing alone, to characterize the passenger as a matter of law as a passenger for hire and not a guest passenger?*

The guest passenger proviso in MCLA 257.401; MSA 9.2101 reads as follows:

"Provided, however, That no person, transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought."

Relying on this statutory provision, plaintiffs claim that Nancy Perlmutter was at the time of the accident a passenger for hire, which status would relieve her of the obligation of establishing gross negligence or wilful and wanton misconduct in this case. Plaintiffs base their contention upon the deposition testimony of defendant James Balmer Whitney who testified that he received $10 a month for gas for driving Nancy Perlmutter to and from Hawthorne Center. While plaintiffs' arguments are forceful, they do not reach the question before us. The issue we must decide is not whether Nancy Perlmutter was a passenger for hire or a guest passenger at the time of the accident, but whether the trial court erred when it held that the issue of Nancy Perlmutter's status should be submitted to the jury.

In resolving this issue against the plaintiffs, the trial court said in its opinion that:

"The resolution of this issue and its attendant motions of course depends upon the nature of the relation-

ship between the parties. If the arrangement between the parties are *[sic]* so indefinite and casual that sociability is the dominant element, then a guest passenger relationship exists. If, however, the transportation is for the pecuniary benefit of the defendant, the transaction is not gratuitous and a passenger-for-hire relationship may exist, *Bond v Sharp,* 325 Mich 460; 39 NW2d 37 (1949). The facts supporting plaintiffs' contention of a passenger-for-hire relationship are partially in dispute and somewhat unclear. Where the facts are unclear, the issue of the relationship is properly for the jury. *Pence v Deaton,* 354 Mich 547; 93 NW2d 246 (1958)."

In *Pence v Deaton, supra,* where the plaintiff passenger paid the driver a small sum of money for driving services, the Supreme Court held that the question of whether the plaintiff was a passenger for hire should have been submitted to the jury and was not a proper question for determination on a motion for instructed verdict. More recently, in *Belen v Dawson,* 52 Mich App 670, 675; 217 NW2d 910 (1974), our Court considered this question and concluded that:

"Since plaintiff's status as passenger at the time of the accident is susceptible to different constructions, the issue should be submitted under appropriate instructions to the jury upon retrial. See *Collins v Rydman,* 344 Mich 588; 74 NW2d 900 (1956)."

In light of *Pence, Collins* and *Belen,* we conclude that evidence of payment by a passenger to a driver, in and of itself, it not sufficient to characterize the passenger as a matter of law as a passenger for hire. Therefore, the trial court properly ruled that plaintiff Nancy Perlmutter's status was jury-submissible.

3. *Was defendant James Balmer Whitney an uninsured motorist under the applicable Michigan statutes in effect on November 11, 1971?*

Plaintiffs claim that defendant James Balmer Whitney was an uninsured motorist under the provisions of the Motor Vehicle Accident Claims Act[1] and the financial responsibility act.[2] Plaintiffs base their claim upon a series of amendments to the financial responsibility act passed by the Legislature and made effective during the year of 1971. In part three of its opinion, the trial court carefully analyzed the relevant statutory provisions and concluded that defendant Whitney was not an uninsured motorist. We agree with the trial court's reasoning and briefly summarize its findings here.

Defendant State Farm issued the policy of insurance to defendant James Balmer Whitney on June 15, 1971. At the time it was issued, this policy complied with the minimum requirements called for by state law, by providing bodily injury liability limits of $10,000 per injury and $20,000 per accident. The pertinent state law (MCLA 257.520; MSA 9.2220) was amended by 1971 PA 138. That amendment, which became effective on October 1, 1971, increased the minimum limits required for liability policies from $10,000 per injury and $20,-000 per accident to $20,000 per injury and $40,000 per accident. However, critically important to the resolution of this issue in the case at bar is the fact that § 3 of that amendment contained the following savings clause:

"This amendatory act takes effect October 1, 1971 and applies only to motor vehicle liability policies is-

---

[1] MCLA 257.1101 *et seq.;* MSA 9.2801 *et seq.*

[2] MCLA 257.501 *et seq.;* MSA 9.2201 *et seq.*

sued or renewed on or after that date. Motor vehicle liability policies issued or renewed before that date shall continue for the term for which written but not to exceed 1 year."

It is clear that defendant's insurance policy met the requirements of MCLA 257.520; MSA 9.2220, prior to the enactment of 1971 PA 138. It is also apparent that the policy was not renewed between October 1, 1971 and November 11, 1971, the date of the accident. Therefore, the policy was expressly excluded by the above-quoted savings clause from the higher limits imposed by the act. Since the policy of insurance was in compliance with the minimum liability requirements at the time of the accident, the defendant was not an uninsured motorist. The trial court so held, and that holding was correct.

4. *Does defendant State Farm Insurance Company have a duty to arbitrate with respect to benefits under the uninsured motorist provisions of the policy of insurance if defendant James Balmer Whitney is found to be an "insured" motorist rather than an "uninsured motorist"?*

Plaintiffs assert that defendant State Farm's refusal to arbitrate their claim pursuant to the policy provisions is a waiver and default under the policy. Defendant State Farm replies that there was no duty to arbitrate because the arbitration provision of the policy pertains only to uninsured automobiles and the Whitney automobile was not uninsured.

The trial court disposed of this issue in the following manner:

"Inasmuch as defendants Whitney were insured in

compliance with the Act, they cannot properly be deemed 'uninsured motorists' with respect to the State Farm policy, for the definition of an uninsured automobile found in the State Farm policy is primarily based on the financial responsibility law of the State. Coverage U of the policy (Uninsured Motorist Protection) is inapplicable to this situation. Coverage U applies only to accidents involving uninsured motorists and imposes a duty upon the answer *[sic]* to arbitrate any such claims. Where, however, as here, the claim is against insured motorists, Coverage U's duty to arbitrate never arises. There being no duty, there can be no breach or waiver of the duty."

After reviewing the pertinent provision of the insurance policy, we are of the opinion that the trial court correctly ruled that Coverage U's duty to arbitrate never arose in this case, since plaintiffs' claim was against an insured, rather than an uninsured motorist.

5. *Do plaintiffs have a bad faith cause of action against defendant State Farm Insurance Company?*

Plaintiffs finally maintain that they have a bad faith cause of action against defendant State Farm because State Farm has refused to pay the $10,000 limit of its liability policy for injuries to one person, namely, plaintiff Nancy Perlmutter. This argument is totally without merit. As we mentioned earlier, on November 3, 1972, State Farm filed an offer of judgment of $10,000 in Washtenaw County Circuit Court in accordance with the provisions of GCR 1963, 519. This offer was not accepted by the plaintiffs. Inasmuch as an offer of judgment in the full amount of the policy limits was filed by State Farm, plaintiffs' contention that defendant State Farm has acted in bad faith is totally unfounded and needs no further discussion.

Affirmed.